

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-26-2008

# USA v. Williams

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-4054

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Williams" (2008). *2008 Decisions.* Paper 626.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/626

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 06-4054
_____

UNITED STATES OF AMERICA

v.

ERIC WILLIAMS,

Appellant

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
No. 05-cr-00037
(Honorable Bruce W. Kauffman)

Argued: February 4, 2008

Before: McKEE, AMBRO, <u>Circuit Judges</u>
and IRENAS[*], <u>District Judge</u>

OPINION OF THE COURT

(Filed: August 26, 2008)

Manisha M. Sheth
 Office of United States Attorney
Suite 1250
615 Chestnut Street

_____

  *The Honorable Joseph E. Irenas, Senior District Judge, United States District Court
for the District of New Jersey, sitting by designation.

Philadelphia, PA 19106–0000

> Counsel for Appellate

Brett G. Sweitzer, Esq.
Defender Association of Philadelphia
Federal Court Division
601 Walnut Street
The Curtis Center, Suite 540 West
Philadelphia, PA 19106–0000

> Counsel for Appellant

McKee, *Circuit Judge*

Eric Williams appeals his conviction and judgment of sentence after being convicted of being a felon in illegal possession of a firearm in violation of 18 U. S. C. §§ 922(g)(1) and 924(e). For the reasons that follow, we will affirm.

Inasmuch as we write primarily for the parties who are familiar with this case, we need not recite the factual or procedural background except insofar as may be helpful to our brief discussion.

Williams argues that the district court abused its discretion by allowing the government to introduce 4 prior convictions when only 1 was needed to establish the elements of the offense he was charged with, that the district court improperly enhanced his sentence under the Armed Career Criminal Act based upon a prior conviction for a "serious drug offense" that was not established by the records introduced at sentencing, and that the district court improperly considered his prior convictions in determining his sentence because those convictions were not contained in the indictment nor were they

2

established by proof beyond a reasonable doubt.

Although we agree that, under the circumstances here, it would have been better for the prosecutor to limit her proofs of the defendant's prior convictions, a prior felony conviction was nevertheless an element of the offense Williams was charged with. Thus, the government had to establish that he was a convicted felon when he possessed the firearm charged in this indictment. The government has represented in its brief and at oral argument that it offered to stipulate that Williams was a convicted felon in order to avoid the problem of introducing evidence of his criminal record before the jury. Williams does not deny that he refused that stipulation. This case is therefore distinguishable from *United States v. Old Chief*, 519 U.S. 172 (1997).

We realize, of course, that a defendant never has to agree to stipulate to any fact. Rather, he/she can always demand that the government prove every element of the crimes charged beyond a reasonable doubt. *In re Winship*, 397 U.S. 358, 364 (197). However, we can not conclude that the district court abused its discretion in allowing the government to introduce evidence of more than 1 conviction to establish a fact that the defendant refused to stipulate to.

Moreover, the district court was obviously concerned about the potential for prejudice and took all reasonable steps to ensure that the jury did not misuse this evidence. The court gave a very strong instruction on the limited use of the evidence of the defendant's prior convictions the morning after the testimony was introduced. In

3

doing so, the court noted that it would again instruct on this "important matter" and informed the jury that it was giving a cautionary instruction "to make sure that you have it clear in your mind immediately [,]" that the evidence of Williams' record was introduced for a very limited purpose and could only be considered for that purpose, and no other. "We generally presume that juries follow instructions given by the District Court, . . .". *United States v. Hakim*, 344 F3d 324, 326 (3d. 2003). There is nothing on this record to suggest that the jury ignored the court's instructions. As we noted at the outset, although, given the quality of proof that the government was able to introduce to establish each of the defendants prior convictions, it was "gilding the lilly" to introduce 4 convictions when 1 would have sufficed. Nevertheless, for the reasons we have just explained, there was no abuse of discretion in allowing the prosecutor to do so here.

We also do not believe that the district court erred in enhancing the defendant's sentence pursuant to the Armed Career Criminal Act based upon his prior conviction for a "serious drug offense." At sentencing, Williams argued that the records from the prior conviction did not establish that a prior conviction was for a "serious drug offense" as required under § 924(e)(2)(A) because the offense involved both marijuana and cocaine. Possession of marijuana with intent to distribute is punishable by a sentence up to 5 years imprisonment under Pennsylvania law whereas possession with intent to distribute cocaine is punishable by a sentence to up to 10 years imprisonment. *See* 35 Pa. Cons. Stat. Ann. § 780-113(a)(30), (f) (1.1), (2). However, Williams was sentenced to a period

of incarceration of not less then 1 year nor more then 10 years on that charge. Given the 10 year maximum, the government clearly established by a preponderance of the evidence that his prior conviction subjected him to the Armed Career Criminal enhancement. Accordingly, the district court did not err in using that state court conviction under the Armed Career Criminal Act.

Finally, Williams argues that prior convictions could not be used to enhance his sentence unless they were first charged in the indictment and proved beyond a reasonable doubt. That argument is now foreclosed by our holding in *United States v. Grier*, 475 F3d 556 (3d Cir. 2007) (*en banc*).

Accordingly, for the reasons set forth herein, we will affirm the judgment of sentence and conviction.